19-3632 from the District of North Dakota, Charles Ahumada v. United States. All right, Mr. Morrison, the court appreciates your willingness to accept the appointment in this case under the Criminal Justice Act and you may proceed. Thank you, Your Honor. I don't have the time clock up, but that's fine. I'll just start the stopwatch on my phone and I'll cover it myself. Good morning, Judge Colleton, Judge Benton, Judge Kelly. My name is Stephen Morrison and I represent Charles Ahumada. The question in this case is whether appellants have the right to effective assistance of counsel at this stage in the appellate process when we're dealing with petitions for rehearing and petitions for en banc hearing. I think the question here is whether that up to judgment and opinion or whether it's more like a petition for cert. Now, up to judgment and opinion, of course, every court, this court and the Supreme Court, has found that appellants, criminal appellants, have the right to effective assistance of counsel and every court has found that on petitions for cert to the United States Supreme Court, folks who want to pursue that route do not have the right to effective assistance of counsel. So my argument is simply this, that when we're dealing with petitions for rehearing and petitions for en banc hearing, that part of this larger appellate process falls squarely in the camp of the direct appeal and so this court should extend the right to counsel at that stage to the stage where we're dealing with petitions for rehearing and en banc hearing. Counsel, I have a very simple question and tell me if I don't understand it because it's based on state court practice, but as I understand the Austin case, it says plainly that there's no constitutional right to counsel when it is for discretionary review. Isn't a PFR discretionary review, so doesn't the Austin case control this absence of being given by a rule or statute or plan or something else? No, I don't think it does. This discretionary approach which the government rests its opinion on and which the district court rested its order on, that's purely a judicial innovation and I don't think... By this, let me interrupt you, be sure we're not talking past each other. It is the Supreme Court black letter law, right? As to petitions for cert to the United States Supreme Court, yes. Well, counsel, let me slow you down. It says discretionary review. It doesn't say petitions for cert. You think it's confined to its facts or something? I think, yes, absolutely, and I think the discretionary approach is certainly the basis upon which courts have found no right to effective assistance of counsel at the petition for cert stage. Now, the question, if you accept the premise that petitions for rehearing and en banc hearing are discretionary, which I could argue against, but if you accept that premise, the question is whether this discretionary approach, which is entirely created by courts, applies as the basis for the government's position, which is you don't have the right to effective assistance of counsel, or whether there's another basis that calls for extending the direct appeals right to effective assistance of counsel, and there are three bases for that. I think the most compelling one is 18 U.S.C. 3006A, which provides for counsel on direct appeal, and the U.S. Congress has provided for appointed counsel at every stage of the proceeding from his initial appearance through appeal, including ancillary matters appropriate to the proceeding. I would add to 3006A this court's CJA plan, which I recognize, if that was the only leg we had to stand on, would not be dispositive, but I think it provides support for this notion that appointed defense attorneys have the duty to continue on after this judgment to follow any meritorious procedures in this court, and you can look to the third basis that I rest on, which is a federal rule of appellate practice 44A, which notes that indigent defendants have the right to counsel at every stage of the proceeding through appeal. Now, Mr. Morrison, does that matter? You've just listed three I'll just call generally statutory provisions or citations for your argument. Is that a different argument than arguing a constitutional right that's based in the Constitution? Well, certainly it's a different argument, but it's a different argument that doesn't really matter because, of course, nobody has the constitutional right to appeals. The courts could eradicate appeals tomorrow if they wanted to, and the Constitution would not be offended, but we've created a complex statutory and rule-based scheme that provides for appeals, and following from that statutory and rule-based scheme, the right to effective assistance of counsel has been pulled along to that direct appeal up through judgment and opinion. All I'm simply saying is it follows naturally that petitions for rehearing and petitions for en banc hearing in that same appellate court, in that same circuit court, provided for by the very rules of appellate procedure, covered by this court's jurisdiction, it just simply makes sense that the right to effective assistance of counsel should follow. Let me follow up then on that. Let's say that if we adopt your premise there, in this particular case, how does that play out? What is the next step? And I'll just start out with a couple of questions in terms of sort of figuring out what prejudice, but also kind of what factually happened here where the mandate was withdrawn, as I understand it, and your client was given an opportunity to file something pro se. So in this particular case, are there facts that are either unusual or standard, or how would we address it? Well, you know, unfortunately, the most unusual fact is that my client's trial or appellate attorney rather, just fell down at every step. And I would suspect that we can all agree that the attorney did not do what he was supposed to do. Now, yes, this court did withdraw the mandate. But when you're dealing with pro se litigants who are in the Federal Bureau of Prisons, it's highly unrealistic to expect that they can turn around and file a petition in the short timeframe that this court gave my client. And that's the very reason that if appointed counsel believes that petitions don't have merit, we have a responsibility to move to withdraw and move to get an extension of, I think it's 28 days. And so as somebody who's been doing CJA cases for over a decade, you know, I take it very seriously, my duty to communicate with my client and protect my client's interests in petitions for rehearing. And finding in favor of my client and extending that right to effective assistance of counsel, it protects the integrity of the defense attorney's profession. And the stakes can be so high, either in reality when a three-judge panel got it wrong, or simply to give appellants the feeling, frankly, that their attorneys are looking out for them and that the justice system is working to give them every benefit. So the stakes are high, but the costs to extending the right to effective assistance of counsel are low. They're zero for the government, unless there's merit to a petition. Frankly, they're zero for the court, and they might actually benefit the court, because I can tell you, working with my clients after this court issues a judgment or opinion, if there's no merit to a petition, I can often share that with them, tell them what I'm going to do, withdraw, give them a chance to file, and quite often they don't file. But if I simply abandon them, then I would suspect that this court is going to get a higher rate of pro se petitions. So the stakes are potentially high, but the cost is so low. And let me just add, that's sort of a public policy, I guess you could say, approach. But as far as the statutory one goes, at the risk of suggesting the politicization of the courts, by extending the right to effective assistance of counsel based on Section 3006A, you'd be making a ruling that conservatives and but of course, it's also one that your stereotypical liberal who wants to extend defendant's rights would love as well. It just seems natural to me, based on statute, based on the rules, and frankly, based on the CJA plan, that I, as a CJA attorney, have the duty to be effective. The alternative to me is, it's frankly, it's unthinkable that this court issues a judgment and opinion, and I'm essentially done with my job. That's not what the law says. I'm not done with my job. I still have a duty to provide effective assistance of counsel to my clients. And while I recognize that the courts have said my clients do not have the right to effective assistance of counsel at the petition for cert stage, well, there is still a duty that I have. I need to advise my clients on the right to a petition. I'm supposed to file it if it has merit. So even though there's no effective assistance of counsel right there, my duty follows on. When it comes to petitions for rehearing and petitions en banc, section 3006a calls for effective assistance of counsel. This court still has jurisdiction over those petitions. It's still part of the appeal. And so this court should extend the past judgment and opinion through petition for rehearing and en banc hearing, for all the reasons I've just stated. And I believe I have two or three more minutes, and I would hope to reserve that time for rebuttal. You may. Thank you for your argument. Thank you. Mr. Volk, we'll hear from you. Thank you, Your Honor. May it please the court and counsel. I think we need to go back and just understand the context at which we are at. We are here on this appeal based on a 2255 petition that was filed by Mr. Ahumada alleging constitutional violations, specifically constitutional violation of ineffective assistance of counsel. That was denied by the district court on constitutional grounds. And there was one issue that was certified for appeal, and that was whether a criminal defendant has a right to counsel for the filing of a petition for rehearing or a petition for hearing en banc. I frankly think the issue that was addressed by the certified by the district court was stated more broadly than necessary for the decision in this case, because the district court simply noted whether a criminal defendant has a right to counsel. Quite honestly, we're really only dealing with the constitutional right. Just one second. Mr. Morrison, if you could mute your microphone there. Thank you. We're hearing your typing loud and clear, so you've muted it now. Go ahead, Mr. Volk. Thank you, Your Honor. The court has to look at the actual petition that was filed in this case by Mr. Ahumada. He raised four claims. They were all four constitutional claims, claims of statutory violations. He raised constitutional violations. And so I think this is a case that the court needs to look at specifically whether or not there is a constitutional right to counsel for the filing of a petition for rehearing or hearing en banc. And I believe that this court, in its prior decisions, specifically in Steele, has really addressed that issue. But while Steele dealt with a petition for cert, there's really no difference in what we're dealing with here. We're still dealing with a discretionary petition. When I listened to Mr. Morrison's argument, I think, if I understand what he's saying, he's effectively trying to bootstrap the constitutional right to counsel on a direct appeal to petitions for rehearing or hearing en banc. Well, let me address that. In the statute 3006 capital A with a little c, it says ancillary matters. Is there a case law? I know some courts cite it and rely on it, but is there a case law with the little word constitutional rights? Not that I'm aware of, Judge Benson. We are in 12 cases of this. Go ahead. You answer, please. I'm sorry. I still think there's a distinction between a constitutional right and a statutory right. Regardless of what that means, it's still a statutory right. And in this case, we're really not dealing with a statutory right because that's not the claim of Mr. Ahamada. Mr. Volk, what if he had asserted a claim based on the statutes that have been discussed here today? Would that be a viable claim in your view? No, he would have no remedy. And the reason for that is because this court has already addressed that violation if one exists. Factually, when one looks back at what happened here, Mr. Ahamada appealed. His counsel addressed that appeal. This court denied the appeal, issued a letter to counsel and to Mr. Ahamada advising both of them of the right to petition for rehearing or hearing in bonk. That was not followed through with by his counsel on appeal. However, when Mr. Ahamada brought that to the court's attention, this court vacated its mandate and allowed him the opportunity to file a petition for rehearing or hearing in bonk. So is your position that as a factual matter, what you're saying that as a factual matter, what happened in this case, he couldn't bring a claim. Let's put aside those particular facts for just a minute. Do you think that there is a claim of this sort of statutory claim that could be brought? No, I'm not sure that there's a claim that could be brought in a 2255 petition, Judge Kelly. I think what has to be done is much like what happened in the Taylor case that cited, I think that's a second circuit case. And what happened there is the court treated the request as a motion to recall the mandate. And here's the distinction that I see with this and whether or not there is a 2255 remedy in this case. This court in Walker versus the United States, which we cited as a 2016 case, indicated there is no remedy under 2255 for any statutory violation of the Criminal Justice Act, the rule, rule 44, or the CJA plan, because the court said counsel is not required to file a petition for rehearing or re-hearing and bond. Therefore, there is no remedy under 2255. And so factually, I don't, regardless of the facts here, I believe there's no specific remedy utilizing a 2255 petition. Under, in the second, in the second circuit case, as I understood it, that was a 2255, was it not? That was initially filed. So, so what, I guess he did get some remedy there from the filing of that petition. He, he did in that case, Judge Kelly, but that remedy has already been provided to Mr. Ahumada in this case. The court in that case did not say, well, your remedy is based upon your 2255 petition. They in essence said, we're going to treat this as a separate motion to recall the mandate. So they didn't really address it from a 2255 perspective and ineffective assistance of counsel, which is the remedy that Mr. Ahumada has sought in this case. They completely, they looked at it in a completely different light, as a separate motion to recall the mandate that the court had previously issued. Not as a 2255 relief, as a motion to recall the mandate. And so because of that, I think that distinguishes what happened there from what can and should happen in this case. I know that Judge Benton had asked counsel about the discretionary review. I think the distinction for that is here. A defendant has a right by statute for a direct appeal. This court must hear that appeal by statute. And because of that, there is a due process right, constitutional right to counsel that accompanies that direct appeal. The court can't say you filed a motion or you we're not going to hear that. It's mandated. So that constitutional right comes with it. The discretionary part of this comes with the petitions for rehearing or rehearing involved. A petition can be filed, but the court is not mandated to hear that. It's within the the direct appeal and the petitions for rehearing or rehearing involved and why they are discretionary. There is no mandate that the court hear that. It's discretion. And because there's some discretion, the Supreme Court has said in discretionary proceedings, there is no constitutional right to counsel that applies in that instance. And that's what I was suggesting that counsel is trying to bootstrap what is effectively the right to counsel on a direct appeal into a petition for rehearing or rehearing involved. It's not the same animal. One, the court is required to hear. And then the others, they are not. Ultimately, your honors, is the court looks at this. There is effectively no remedy that can be provided to Mr. Ahamada as a result of petition and the court's decision here. I think the there is no constitutional right to effective assistance of counsel when filing a petition for discretionary review. Whether there is or is not a statutory right based upon the CJA plan 3006 or the federal rule, there is no remedy that can be provided to a defendant in a proceeding and there is no specific remedy that's available to Mr. Ahamada in this case because he has already received whatever remedy may exist for any statutory or rule violation by the court's previous recall of its mandate and providing him with the opportunity to file petitions. Ultimately, he filed late. He filed those petitions late based on what the court set for the deadline and the court denied those, denied those petitions for rehearing and rehearing involved. Not necessarily on the merits, but based on the lateness. But in any event, he was provided with that opportunity. So there is absolutely no remedy that's available to him in this proceeding. However, the court may decide this. That's the essence of my argument and in the position of the government. If the court has any other questions, I'd be happy to address them. Very well. Thank you for your argument. Thank you, Mr. Morrison. We'll hear from you in rebuttal. Thank you, Your Honor. Mr. Ahamada got no remedy. He was in the BOP system and any defense attorney will tell you that it is incredibly difficult to contact your clients when they're in the BOP system, when they're being transported. It is highly difficult. I have tried to get attorney calls with my clients. Sometimes it takes a month to get somebody on the phone. Mr. Ahamada got no remedy. As a legal matter, the government suggests that because these petitions for hearing arise are provided for by statute and that Mr. Ahamada didn't raise the statute, he only raised the constitutional violation, he hasn't adequately made his argument. But of course, the statute gives rise to a constitutional right. By the government's logic, appellants do not have the right to effective assistance of counsel on direct appeal because it's provided for by statute. But of course, that's not true. So what the government does is it rests on this notion of discretion. I would invite the government to file an additional brief showing where that discretion criterion appears in federal statute. It doesn't. It's a judicial innovation. Critics would call it judicial activism. What we have is section 306A, which provides for appellants' rights on appeal. Read it textually. Read it given the... Well, I hate to interrupt your short time on a rebuttal, but is there any case law on what the simple little word ancillary means? Not much. You can look to the United States versus Howell case, which I cited in my brief. Howell doesn't address ancillary, does it? I know they quote the statute, but they don't address ancillary, do they? It doesn't. On page 801, it suggests that ancillary is not defined clearly. But boy, if anything is ancillary, it's the thing that the rules of appellate procedure say follows or can follow directly from a direct appeal in that same court of appeals that still has jurisdiction over those petitions for rehearing. I don't know how much more clearly I can state it, and I see that my time is up, so I will rest on that. Very well. Thank you for your argument. Thank you to both counsel for your submissions. The case is submitted, and the court will file an opinion in due course.